**UNITED STATES of America,**
**Appellee,**

v.

**Alejandro PAULINO, also known as**
**Alex, Defendant–Appellant.**

No. 04–3536.

United States Court of Appeals,
Second Circuit.

May 5, 2005.

**670**

Stephen A. Miller, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Katherine Polk Failla, on the brief), New York, NY, for Appellee, of counsel.

Jorge D. Guttlein, Aranda & Guttlein, New York, NY, for Defendant–Appellant.

Present: SOTOMAYOR, B.D. PARKER and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court for the Southern District of New York (Duffy, J.) is **AFFIRMED.**

Defendant-appellant Alejandro Paulino appeals the judgment imposed in the United States District Court for the Southern District of New York, entered June 23, 2004, sentencing him principally to 120 months of imprisonment upon his plea of guilty, without a plea agreement, to conspiracy to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(D) and 846. Paulino appeals the district court's denial of safety valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) and the denial of a downward departure for diminished capacity under U.S.S.G. § 5K2.13. We assume the parties' familiarity with the facts and procedural background of this action.

We review the district court's interpretation of the Sentencing Guidelines *de novo* and the district court's factual findings for clear error. *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir.2005). Sec. 5C1.2 entitles a defendant to relief from a statutory minimum, provided that the defendant, *inter alia*, "not later than the time of the sentencing hearing ... truthfully provided to the Government all information and evidence the defendant [had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). The defendant seeking safety valve relief bears the burden of proving that he or she fits this criterion. *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir.1997).

In its sentencing letter, the government identified falsehoods and inconsistencies in Paulino's proffer statements, including, *inter alia*, his failure to identify a known confederate, his evident knowledge of the narcotics pipeline between New York City

and Canada, and the implausibility that he would coordinate deliveries of 25 pounds of marijuana and 13 kilos of cocaine absent supervision from a member of the trafficking organization. At the proffer session, Paulino had denied involvement in any narcotics trafficking beyond the charged offense. In light of Paulino's failure to cure these deficiencies, as well as the district court's review of (1) videotapes and transcripts of meetings and telephone calls between Paulino and the undercover agent, (2) the testimony of the agent who took Paulino's proffer statement, and (3) Paulino's credibility when testifying at the sentencing hearing, the district court's finding that it was "obvious that [Paulino] didn't come clean in the proffer session" is not clearly erroneous. *See id.* (upholding conclusion that defendant failed to sustain burden of showing that he provided truthful information to the government where the government "detailed the reasons why it believed Catalano was not telling the truth at his proffer and Catalano came forward with no plausible response to the government's letter" and he implausibly claimed, *inter alia,* not to have a regular heroin supplier, that a stranger agreed to sell him close to $60,000 worth of heroin at a nightclub, and ignorance of why a heroine dealer regularly beeped his pager); *see also United States v. Conde,* 178 F.3d 616, 622 (2d Cir.1999) (upholding denial of safety valve where defendant failed to disclose actual role in drug transaction).

Although we affirm the district court's denial of safety valve relief, we reiterate that district courts are required to make their own determinations as to whether defendants satisfy the five conditions for safety valve relief. *See United States v. Jeffers,* 329 F.3d 94, 98 (2d Cir.2003). Such findings must be made "with sufficient clarity to permit appellate review." *Gambino,* 106 F.3d at 1111 (quoting *United States v. Reed,* 49 F.3d 895, 901 (2d Cir.1995)). While appellate review was possible on this record, the district court's finding could have benefitted from further elaboration. *See id.*

Because we conclude that Paulino was not eligible for safety valve relief, we need not reach the question of whether the district court erred in denying a downward departure for diminished capacity, U.S.S.G. § 5K2.13, on the ground that Paulino feigned mental retardation.

We have reviewed Paulino's remaining arguments and find them without merit. For the reasons set forth above, the judgment of the district court imposing sentence is AFFIRMED.